IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEX STEVEN SISALEMA CHANGO, § § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-26-CV-245-KC |
| § § | |
| MARY DE ANDA-YBARRA et al., § § § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Alex Steven Sisalmea Chango's Petition for a Writ of Habeas Corpus, ECF No. 1. Chango is held in immigration detention at the Camp East Montana facility in El Paso, Texas. Pet. ¶¶ 3, 62. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 74–113; *id.* at 29.

Chango has been in the country for approximately three years. *Id.* ¶ 1. He was apprehended by immigration authorities "upon his unlawful entry." Resp. 3, ECF No. 3. He was initially placed in expedited removal proceedings. *Id.* He was then determined to have a credible fear of persecution and torture, was issued a Notice to Appear, and released. *See id.*; Ex. A ("Notice to Appear"), ECF No. 1-3. Chango was re-detained in January 2026. Pet. ¶ 2.

In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Chango's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Chango's case warrant a different outcome." *Id.*

Respondents appear to distinguish Chango's case from this Court's other decisions on the basis that Chango was first placed in expedited removal proceedings upon entry into the United States. Resp. 3–5. Therefore, they argue, Chango is subject to mandatory detention while his asylum application remains pending, under a different Board of Immigration Appeals' ("BIA") decision than the one that they have previously argued is controlling. *Compare id.* at 3, *with Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 681 (W.D. Tex. 2025).

For due process purposes, this is a distinction without a difference. The crux of *Lopez-Arevelo,* and subsequent decisions by this Court, is that the petitioners were re-detained without any individualized custody determination after previously being released into the United States. *See, e.g., Lopez Arevelo*, 801 F. Supp. 3d at 674–88. The Court assumed without deciding that the BIA was correct in its statutory analysis but held that due process requires a meaningful hearing before the Government can re-detain someone that they previously released. *Id.* at 681–86. Here, too, the Government released Chango and permitted him to spend three years in the United States. They may not, therefore, revoke that liberty without an individualized determination of the need to do so. *See id.*

As for the rest of Respondents' arguments, the Court has already rejected all of them. *Compare* Resp. 1–6, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez Arevelo*, 801 F. Supp. 3d at 674–688.

The Court's conclusion is not changed by the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).

Chango argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory grounds, as well as constitutional due process grounds. Pet. ¶¶ 74–113. The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Chango's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, the Petition is denied in part as to the statutory claim. However, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10. And the case was remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion." *Id.* at *10. Presumably, those further proceedings will entail consideration of Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance. *Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 n.4 (S.D. Tex. Oct. 7, 2025). Indeed, the Government's counsel stated it bluntly during oral argument: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument, *Buenrostro-Mendez v. Bondi*, No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3. In sum, *Buenrostro-Mendez* has no bearing on this Court's determination of whether Chango is being detained in violation of his constitutional right to procedural due process.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other

---

[1] Because the Court grants in part the Petition, while taking as true the facts as presented by Respondents, *see* Resp. 3, it is unnecessary to hold a hearing, *see Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Chango's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before February 17, 2026**, Respondents shall either: (1) provide Chango with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Chango's continued detention; or (2) release Chango from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before February 17, 2026**, Respondents shall **FILE** notice informing the Court whether Chango has been released from custody. If Chango has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the February 17, 2026, deadlines**.

**SO ORDERED**.

**SIGNED** this 9th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE