**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALEX STEVEN SISALEMA CHANGO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-245-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

# FINAL JUDGMENT

On this day, the Court considered the case. On February 9, 2026, the Court granted in part Alex Steven Sisalema Chango's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Feb. 9, 2026, Order 4, ECF No. 4. Respondents have now informed the Court that an Immigration Judge ("IJ") ordered Chango released on a $15,000.00 bond. Status Report, ECF No. 5; *see id* Ex. A ("IJ Order") at 1, ECF No. 10-1. As of February 17, Chango had not yet posted bond and remained in custody. Status Report.

It appears that the only remaining matter to be resolved in this case is Chango's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). *See* Pet. 29, ECF No. 1; *see generally* Feb. 9, 2026, Order. However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **the Clerk shall close the case**. To the extent Chango wishes to seek additional relief from the Court, he may file a motion to reopen.

**SO ORDERED**.

**SIGNED this 19th day of February, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE